## TRESHANSKY et v. NORTH. OHIO. LUMBER & TIMBER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8374. Decided Mar. 26, 1928.

Ferneding, P. J., Kunkle and Allread, JJ., of the 2nd Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

### 745. MALICIOUS PROSECUTION.

Taking judgment on cognovit note which has been wrongfully lifted from escrow, held ground for action for malicious prosecution.

Error to Common Pleas.

Judgment reversed.

B. A. Feldman, Cleveland, for Treshansky et. Paul Howland, Cleveland, for Lumber Co.

### FULL TEXT.

FERNEDING, P. J.

This action was brought for malicious prosecution of a civil action. The action was upon a cognovit note and this cognovit note was given by the plaintiffs to Arthur S. Kerman, in consideration of a certain real estate deal. The note was deposited in escrow with a Mr. Blythin, an attorney for the defendant, to hold until the real estate deal was closed and the property conveyed to the plaintiff. Later on Kerman lifted this note from the escrow without having performed the conditions of the escrow and transferred the note to The Northern Ohio Lumber and Timber Company to hold as security for a personal debt of Kerman's. At the time this note was transferred to The Northern Ohio Lumber and Timber Company, Kerman stated to them that the note was no good at that time, as it was given for a deal which had not yet been completed. Kerman, however, assured The Northern Ohio Lumber and Timber Company that when the deal was completed the note would be good. The deal was never completed. The Northern Ohio Lumber and Timber Company, however, shortly before the note became due had a judgment taken upon the cognovit note. This judgment immediately became a lien upon all the real property of the plaintiffs and they were prevented from selling or disposing of their real property while the judgment lien remained in force.

Plaintiffs having learned of the rendition of this judgment after the term at which it was rendered, employed an attorney to file a suit for the vacation of said judgment. When the case came on for hearing, it appeared that the judgment was taken before the note became due. The suit was thereupon dismissed and the judgment vacated. Thereupon another cognovit judgment was rendered on the note in question. This judgment again immediately became a lien upon all of the real property of plaintiff, so that for all practical purposes the plaintiff was debarred, by reason of these judgments, from disposing of any of their real properties during the entire time the judgment stood on record.

In the case of Cincinnati Daily Tribune v. Bruck, 61 OS. 489, it was held that "as a general rule no suit will lie for the malicious prosecution of a civil action where there has been no arrest of the person or seizure of property."

In the present case, however, it will be noted that the lifting of the cognovit note from the hands of Blythin the escrow, and the negotiating of the note to The Northern Ohio Lumber and Timber Company, was a wrongful act. The note was not intended to be operative in the present, but only in the case Kerman complied with his contract with the plaintiff. The act of filing the cognovit note for judgment was a wrongful act and one which the law would not justify or excuse. The taking of a judgment thereon called for some relief. The expenses of procuring a lawyer therefor and the necessary damages incident to the placing of a judgment lien on plaintiff's property would at least be the measure of liability upon the statement of counsel for plaintiffs.

All of the facts connected with the delivery of this note in escrow and the time when the note would become available for use, it appears from the statement of counsel for plaintiffs were known by The Northern Ohio Lumber and Timber Company when it secured the possession of the note in question, as appears from the statement of counsel for plaintiffs on page seven and at other points in the record.

The judgment will, therefore, be reversed and cause remanded.

(Kunkle and Allread, JJ., concur.)